UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ELLIS R. CARSON,

        Plaintiff,

-against-

KILOLO KIJAKAZI, Acting Commissioner of Social Security,

        Defendant.



22 Civ. 9841 (NSR)(JCM)

ORDER AND OPINION

NELSON S. ROMÁN, United States District Judge:

*Pro se* Plaintiff, Ellis R. Carson, ("Plaintiff"), commenced this action, pursuant to 42 U.S.C. § 405(g), challenging the administrative decision of the Commissioner of Social Security (the "Commissioner") which determined he was not disabled and thus not eligible for Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). (ECF No. 1.) Defendant Commissioner moved to Dismiss the Complaint, or, in the alternative, for Summary Judgment. (Docket No. 15.) Plaintiff failed to file any opposition to the motion. Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the matter was referred to Magistrate Judge Judith C. McCarthy ("MJ McCarthy") to issue a Report and Recommendation ("R & R"). (ECF No. 10.) Presently before the Court is MJ McCarthy's R & R, recommending that Plaintiff's complaint be dismissed, and that judgment be entered in favor of Defendant Commissioner. (ECF No. 19.) The Parties had until October 30, 2023, to submit objections to the R & R. To date, no objection has been submitted to the Court. For the following reasons, the Court adopts MJ McCarthy's R & R in its entirety and Dismisses Plaintiff's complaint and Grants Defendant Commissioner's motion for judgment.

## BACKGROUND

Plaintiff applied for SSI benefits on February 13, 2008, alleging a disability with an onset date of January 15, 2008. By written decision, dated August 10, 2009, Administrative Law Judge David S.

Nisnewitz ("ALJ Nisnewitz") denied Plaintiff's claim. Plaintiff appealed the determination to the Appeals Council which denied review of the determination. As the result of the class action settlement in *Padro, et al. v. Astrue*, 11-CV-1788 (E.D.N.Y.), the terms of which were approved by Memorandum and Opinion, dated October 17, 2013 (Amon, J.), Plaintiff's claim were deemed eligible for re-adjudication by a different ALJ. Plaintiff requested a new hearing and the Appeals Council remanded and assigned the claim to ALJ Seth I. Grossman ("ALJ Grossman") for *de novo* review. On October 29, 2015, ALJ Grossman denied Plaintiff's claim. Thereafter, Plaintiff took no further action.

## STANDARD OF REVIEW

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court. *See* Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(2), (3). However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (*quoting Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga County,* 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (*quoting Small v. Sec. of HHS,* 892 F.2d 15, 16 (2d Cir. 1989)); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only

satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

To the extent a party makes specific objections to an R & R, those parts must be reviewed *de novo*. 28 U.S.C. 636(b)(l); Fed. R. Civ. P. 72(b); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). In a *de novo* review, a district court must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdich*, No. 04-cv-5061, 2007 U.S. Dist. LEXIS 4592, at *2 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks omitted). But to the extent "a petition makes only general and conclusory objections . . . or simply reiterates the original arguments, the district court will review the report and recommendations strictly for clear error." *Harris v. Burge*, No. 04-cv-5066, 2008 U.S. Dist. LEXIS 22981, at *18 (S.D.N.Y. Mar. 25, 2008). The distinction turns on the whether a litigant's claims are "clearly aimed at particular findings in the magistrate's proposal" or are a means to take a "'second bite at the apple' by simply relitigating a prior argument." *Singleton v. Davis*, No. 03-cv-1446, 2007 U.S. Dist. LEXIS 3958, at *2 (S.D.N.Y. Jan. 18, 2007) (citation omitted).

## DISCUSSION

Neither Plaintiff nor Defendant timely objected to the R & R. Thus, the Court reviews the R & R for clear error. Upon a review of the R & R, the Court finds no clear error.

As outlined in the R & R, the Commissioner moved for summary judgment on the basis of Plaintiff's failure to exhaust his administrative remedies. As set forth in 42 U.S.C. § 405(g), a judicial review of a determination of the Social Security Commission is only available upon a final determination. A final determination requires a claimant to first submit a claim for benefits to the Commissioner; and secondly, to exhaust all available administrative remedies. See *Johnson v. Saul*, 19-cv-03749 (SDA), 2020 WL 1140778, at *3 (S.D.N.Y. Mar. 9, 2020) (quotations omitted). A review of the administrative record reveals that following ALJ Grossman's determination, Plaintiff took no further steps to avail himself of the administrative appeal process. Thus, warranting the dismissal of Plaintiff's Complaint and the granting of judgment in favor of the Defendant.

## CONCLUSION

For the reasons stated above, the Court adopts MJ McCarthy's R & R in its entirety. In accordance with the R & R, Plaintiff's complaint is deemed Dismissed. The Clerk of the Court is respectfully directed to enter judgment in favor of Defendant, to mail a copy of this Opinion to *pro se* Plaintiff at the address on ECF, to show service, to terminate the motion at ECF No. 15 and to terminate the action.

Dated:  September 30, 2024  
       White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN, U.S.D.J.